IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                           Criminal Action No. 5:97CR47-02
                                                                 (STAMP)

BRENDA KAY WARE,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S LETTER MOTION TO SEAL RECORDS**

I. Background

This Court has received a letter, with two attachments, dated February 9, 2015 from the defendant, Brenda Kay Ware. In the letter, the defendant requests that this Court seal her criminal record. This Court will therefore construe the defendant's letter as a motion to seal.[1]

The defendant was convicted in this Court of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; two counts of fraud by wire, radio, or television, in violation of 18 U.S.C. § 1343; and one count of making a false and fictitious statement, in violation of 18 U.S.C. § 1001. The defendant was initially sentenced to ten months of incarceration on

---

[1] This Court will also review whether this motion should actually be construed as a motion for expungement of the defendant's criminal record. However, as will be found later in this order, the defendant's motion is without merit under both the standard applied to a motion to seal and the standard applied to a motion for expungement.

each of the four counts, to be served concurrently, with three years of supervised release to follow. Three motions for a new trial were filed by the defendant and her co-defendants. ECF Nos. 76, 89, and 171. Those motions were denied by this Court. ECF Nos. 121 and 182. The defendant thereafter appealed her conviction and sentence to the United States Court of Appeals for the Fourth Circuit. The conviction and sentence was affirmed by the Fourth Circuit. A subsequent writ of certiorari to the United States Supreme Court was also denied. The defendant's supervised release was terminated January 22, 2004.

The defendant argues in her current motion that her criminal record should be sealed so that she may carry on with her life as the primary caretaker for her mother and her son. Further, the defendant states that her current employment requires her to "successfully complete an annual application from Rapidgate, a security element required for Military Installations." The defendant indicates that because of her felony conviction, she is unable to successfully complete such an application.

Additionally, the defendant provides the following as additional support for her motion: (1) she has paid the $200.00 mandatory assessment, (2) she was given a downward departure on her sentence because of her minor role in the conduct underlying her conviction, (3) it has been fifteen years since she was convicted and twelve years since her successful completion of supervised

release, and (4) she has no prior or subsequent convictions other than a minor traffic violation.

The defendant's letter motion also contains statements concerning an Assistant United States Attorney in this district which were found to be non-dispositive as they apply to the defendant's case during the time that her case was pending. Thus, this Court will not consider those statements as a reason in support of the defendant's motion.

The defendant has also provided two attachments: a statement of her account which states that she has paid her mandatory assessment of $200.00 in full and a Bachelor of Arts diploma, in the defendant's name, from the Ohio Dominican College.

Based on the analysis below, this Court finds that the defendant's motion must be denied.

## II. Discussion

### A. Sealing of the Defendant's Records

In this case, the defendant argues that her letter motion is a motion to seal rather than a motion to expunge her criminal records. However, the relief sought by the defendant and her reasons for seeking such relief are more akin to a motion for expungement. Nonetheless, this Court will review the defendant's motion under both standards cited below.

The Supreme Court has recognized that the press and the public have a common law qualified right of access to judicial records.

Nixon v. Warner Communications, Inc., 435 U.S. 589, 597–99 (1978). However, a judicial officer's decision to seal, or to grant access to judicial records, is discretionary. Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65 (4th Cir. 1989). The interest to be protected by closing trial proceedings must "be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." Id. (citation omitted). The Fourth Circuit has applied these principles to requests to seal judicial documents. Id. (citations omitted).

The Fourth Circuit has recognized that "a compelling governmental interest exists in protecting the integrity of an ongoing law enforcement investigation." Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 579 (4th Cir. 2004). However, even when given that compelling interest to consider, the Fourth Circuit has denied motions to seal judicial documents. Id.; Baltimore Sun, 886 F.2d at 65. Additionally, the Fourth Circuit has denied a request to seal where the interest of the moving party was the confidentiality of medical review proceedings and the underlying medical records. Stone v. Univ. of Maryland Med. Sys. Corp., 948 F.2d 128, 131 (4th Cir. 1991). Of course, this Court and other courts do, from time to time, seal court documents or portions thereof, when private personal identifiers, such as social security numbers, are found to be included; but that is not the situation here.

This Court cannot find that the defendant's interest are as compelling as the interests cited above, which were themselves not enough to overcome the presumption that judicial records and documents should not be sealed. The defendant's interests are based on possible employment decisions and other equitable interests that are insufficient to support a finding that the defendant's request should be granted. As such, this Court finds that the defendant's criminal record should not be sealed.

B.  Expungement: *Kokkonen* and Ancillary Jurisdiction

This Court will also consider the defendant's motion, in the alternative, as a motion for expungement. Courts have considered motions to seal, such as the defendant's motion, under the same standards as a motion for expungement. Santiago v. People of Virgin Islands, No. CRIM 2007-051, 2009 WL 792967, at *7 (V.I. Mar. 18, 2009)(defendant sought to seal and expunge arrest and booking records). The defendant's requested relief in this case, as cursorily reviewed above, is a request to seal her entire record. Sealing the entire criminal record of the defendant would essentially have the same affect as if this Court expunged the defendant's criminal record. Further, the defendant's reasons for why her records should be sealed are those commonly made for expungement. United States v. Banks, No. 5:90CR115-01, 2013 WL 5806286, at *1 (N.D. W. Va. Oct. 29, 2013)(wherein the defendant argued that expungement should be granted so that the defendant

could pursue a career in nursing). As such, this Court will also consider the defendant's motion as if it is a motion for expungement.

Federal courts are courts of limited jurisdiction, and can only exercise the authority conferred by the Constitution or by statute. Additionally, although 18 U.S.C. § 3231 provides "district courts with original jurisdiction 'of all offenses against the laws of the United States,' a district court's jurisdiction under this statutory provision ends once the judgement of conviction is entered." United States v. Mitchell, 683 F. Supp. 2d 427, 432 (E.D. Va. 2010); 18 U.S.C. § 3231. Thus, no federal statute or regulation generally provides for expungement of a federal offense. Stoute v. United States, CIV.A. RDB-11-1220, 2011 WL 2037672 (D. Md. May 24, 2011).

Further, federal jurisdiction "is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Consequently, a district court must have ancillary jurisdiction to complete the expungement of a federal offense where "there is no explicit constitutional or statutory grant of jurisdiction." United States v. Mitchell, 683 F. Supp. 2d 427, 433 (E.D. Va. 2010).

The concepts and boundaries of ancillary jurisdiction were explained in the United States Supreme Court's analysis in Kokkonen v. Guardian Life Insurance. Ancillary jurisdiction, or as it is

sometimes called, "ancillary enforcement jurisdiction," is the concept under which federal courts maintain jurisdiction over related proceedings that are technically separate from the claims or causes of action in the initial case that invoked federal subject matter jurisdiction.  Kokkonen, 511 U.S. at 378-89.

Significantly, the Supreme Court held that ancillary jurisdiction may be asserted for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-380 (citations omitted).  Thus, in the dispute that arose in Kokkonen over the enforcement of the terms of a settlement agreement, the Supreme Court found that it did not have ancillary jurisdiction because that dispute did not fall within the two purposes listed above.  Id. at 381-82.  Similarly, as discussed more fully below, because the expungement of a conviction does not fall within an area of statutory or constitutional jurisdiction or within the two purposes provided for under ancillary jurisdiction, this Court may not exercise its limited jurisdiction.

C.  Expungement of a Federal Conviction

The defendant states in her letter that she is not seeking expungement.  However, the relief she seeks and the reasons for seeking such relief, are those that are typically sought in a

7

motion for expungement. To reiterate, in order for this Court to grant expungement of the defendant's federal conviction, it must have ancillary jurisdiction.

The Supreme Court has not directly addressed whether federal courts have jurisdiction to expunge criminal convictions solely for equitable reasons. Currently, the federal circuit courts are "superficially" split as to whether ancillary jurisdiction gives a federal district court the authority to expunge federal convictions or records solely upon equitable grounds. This Court refers to the split as "superficial" because only one circuit court that held that courts have jurisdiction to expunge criminal convictions solely for equitable reasons, the United States Court of Appeals for the Seventh Circuit, has revisited the issue post-Kokkonen.[2] Importantly for this case, however, the Fourth Circuit held in

---

[2] The United States Court of Appeals for the First, Third, Sixth, Eighth, and Ninth Circuits have all held that federal district courts do not have ancillary jurisdiction to expunge criminal records on equitable grounds. United States v. Lucido, 612 F.3d 871, 873-878 (6th Cir. 2010); United States v. Coloian, 480 F.3d 47, 50 (1st Cir. 2007); United States v. Rowlands, 451 F.3d 173, 178 (3d Cir. 2006), cert. denied, 127 S. Ct. 598, 166 L. Ed. 2d 431 (U.S. 2006); United States. v. Meyer, 439 F.3d 855, 862 (8th Cir. 2006); United States. v. Dunegan, 251 F.3d 477, 478 (3d Cir. 2001); United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000). The other circuits, the Second, Fourth, Seventh, Tenth, and District of Columbia Circuits, have found that in extreme cases equitable expungement can be granted by a federal district court (but all before Kokkonen, with the exception of Flowers). United States v. Flowers, 389 F.3d 737, 739 (7th Cir. 2004); Livingston v. United States Dept. of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985); Allen v. Webster, 742 F.2d 153, 154-155 (4th Cir. 1984); United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975).

Allen v. Webster (and has not overturned that ruling or reconsidered it) that in considering whether or not expungement should be granted on equitable grounds:

> Courts must be cognizant that the power to expunge "is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." United States v. Linn, 513 F.2d 925, 927 (10th Cir.), cert. denied, 423 U.S. 836, 96 S. Ct. 63, 46 L. Ed. 2d 55 (1975). Such extreme circumstances have been found and records ordered to be expunged where procedures of mass arrests rendered judicial determination of probable cause impossible, Sullivan v. Murphy, 156 U.S.App.D.C. 28, 478 F.2d 938 (1973); where the court determined the sole purpose of the arrests was to harass civil rights workers, United States v. McLeod, 385 F.2d 734 (5th Cir. 1967); where the police misused the police records to the detriment of the defendant, Wheeler v. Goodman, 306 F. Supp. 58 (W.D.N.C. 1969); or where the arrest was proper but was based on a statute later declared unconstitutional, Kowall v. United States, 53 F.R.D. 211 (W.D. Mich. 1971). Id. at 539–540.

Webster, 742 F.2d at 155.

Some district courts within the Fourth Circuit, in contrast, have held that Webster is not applicable to expungement cases in which the defendant is seeking expungement of a federal conviction. For instance, in United States v. Mitchell, 683 F. Supp. 2d 427 (E.D. Va. 2010), the court held that because (1) Webster came after Kokkonen and (2) Webster dealt with a criminal conviction that was later acquitted, it is not applicable to cases that (1) take place after Kokkonen and (2) deal with criminal convictions that have not been acquitted. Mitchell, 683 F. Supp. 2d at 430. Other Fourth Circuit district courts have adopted the reasoning of Mitchell.

9

United States v. Harris, 847 F. Supp. 2d 828, 833 (D. Md. 2012); Sambou v. United States, 2010 WL 3363034 (E.D.N.C. Aug. 24, 2010).

This Court finds that the reasoning in Mitchell is sound and should be applied to this case. Webster did not address the issue of ancillary jurisdiction; pre-dated Kokkonen, and thus did not discuss the implications of that pronounced ancillary jurisdiction standard; and dealt with a criminal case in which the defendant had been acquitted. Those facts make Webster wholly distinguishable from the case at hand, where a convicted defendant seeks expungement that can only be given if this Court has ancillary jurisdiction. Further, as the court in Mitchell discussed, an expungement of conviction petition does not fall within the two purposes set forth in Kokkonen.

First, the defendant's expungement motion is not directly related to the defendant's criminal convictions under 18 U.S.C. § 3231. The underlying convictions are "wholly separate and distinct from the equitable circumstances that defendant contends justify the expungement of [her] conviction[s]." Id. at 433. Second, the expungement of a criminal conviction does not "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen, 511 U.S. at 379-380. Congress recognized a "compelling public need" to retain criminal records when it authorized the Department of Justice to acquire and preserve such records. United States v.

Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); 28 U.S.C. § 534(a) (authorizing the United States Attorney General to collect and exchange criminal records). The retention of criminal records is essential for an effective criminal identification system, as well as for purposes of punishment and deterrence. Id. Further, as the court noted in Mitchell:

> a conclusion that federal courts have ancillary jurisdiction to expunge criminal convictions for equitable reasons would allow district courts across the country to develop possibly inconsistent equitable standards for ordering expungement. This in turn might result in the expungement of criminal records in some districts and the denial of expungement in other districts, leading to an impairment of the reliability and integrity of federal criminal conviction records.

Mitchell, 683 F. Supp. 2d at 433.

This Court, therefore, does not have ancillary jurisdiction to review the defendant's petition for expungement of her federal criminal convictions. Thus, this Court does not have the authority to grant her petition for expungement and must deny it.[3]

---

[3] The Court notes that although the defendant's record cannot be expunged by this Court, the defendant does have the option of seeking a Presidential pardon pursuant to 28 C.F.R. § 1.1. Currently, the federal government employs federal pardon attorneys who review petitions for Presidential pardon. The United States Attorneys' Manual explains the role of a pardon attorney as follows: "under the direction of the Attorney General," a Pardon Attorney "receives and reviews all petitions for . . . pardon after completion of sentence [,] . . . initiates and directs the necessary investigations, and prepares a recommendation for submission to the President in every case." 1-2.110, Online Offices of the United States Attorneys (last visited May 6, 2015). The defendant is hereby informed that if he wishes to pursue a presidential pardon he should visit the "Office of the Pardon Attorney" web page at http://www.justice.gov/pardon/ for more

V. Conclusion

Accordingly, the defendant's motion to seal her federal criminal records is DENIED. Further, the Clerk is DIRECTED to file the defendant's letter, with two attachments, dated February 9, 2015, as a motion to seal her criminal records.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail, to counsel of record herein, and to the United States Probation office.

DATED:    May 7, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

information.  This Court would caution the defendant, however, that this does not mean that this Court believes that such a claim has merit procedurally or substantively.